**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **COLUMBUS SIGN COMPANY,** | ) | |
| **1515 East Fifth Avenue** | ) | **CASE NO. _____** |
| **Columbus, Ohio  43219,** | ) | |
| | ) | **JUDGE _____** |
| **Plaintiff,** | ) | |
| | ) | **MAGISTRATE JUDGE _____** |
| **v.** | ) | |
| | ) | |
| **CAPITOL CITICOM, INC.,** | ) | **COMPLAINT** |
| **2225 City Gate Dr., Ste A** | ) | |
| **Columbus, Ohio  43219** | ) | **Jury Demand Endorsed Hereon** |
| | ) | |
| **and** | ) | |
| | ) | |
| **JOHN DOES 1 – 20.** | ) | |
| | ) | |
| **Defendants.** | ) | |

For its Complaint against Capitol Citicom, Inc., Plaintiff Columbus Sign Company alleges as follows:

**Nature Of The Action**

1.      This lawsuit arises out of Defendants' knowing, intentional, and infringing use of Plaintiff Columbus Sign Company's trademark "Columbus Sign Company" to compete unfairly and to deceive the public.  Columbus Sign Company brings this action pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), Ohio statutory law, R.C. § 4165.01 *et seq.*, and the common law.  Columbus Sign Company seeks to enjoin Defendants from: (1) using Columbus Sign Company's trademark for any purpose; (2) falsely designating the origin of manufacture and source of Columbus Sign Company's products and services; (3) engaging in deceptive trade practices; and (4) unfairly competing against Columbus Sign Company.  Because Defendants have willfully and wantonly traded on Columbus Sign Company's valuable reputation and infringed Columbus Sign

Company's trademark, in addition to injunctive relief, Columbus Sign Company seeks to recover treble damages, the costs of this action, and its reasonable attorneys' fees, as provided by law.

## JURISDICTION AND VENUE

2.      This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(b), because this action arises under the Lanham Act, 15 U.S.C. § 1125 and under 28 U.S.C. § 1367 (supplemental jurisdiction) for the related causes of action arising under Ohio law.

3.      This Court has personal jurisdiction over Capitol Citicom, Inc. ("CCI") because CCI conducts business in the Southern District of Ohio; maintains an interactive Internet website that solicits business from Ohio residents, including residents in this Court's jurisdiction; upon information and belief, CCI maintains its principle place of business in Franklin County, Ohio; and the acts giving rise to this action, including CCI's infringement of Columbus Sign Company's trademark rights, occurred in the Southern District of Ohio.

4.      Venue is appropriate in this Court in accordance with 28 U.S.C. § 1391(b) and (c) because Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to Columbus Sign Company's claims occurred in this judicial district, namely, on information and belief Defendants' infringing activities have been directed from within this judicial district and Columbus Sign Company has experienced the effects of those activities within this judicial district.

## THE PARTIES

5.      Plaintiff Columbus Sign Company ("CSC") is an Ohio corporation with its principal place of business in Columbus, Ohio.

6.      CCI is an Ohio corporation with its principal place of business in Columbus, Ohio.

7.      Defendants John Does 1 – 20 are persons or entities whose identities or roles in the transactions at issue herein are currently unknown, but who have participated, aided, or abetted causing CSC injuries, including unlawfully infringing upon CSC's trademark, unfairly competing, and deceiving the public as to the source of CSC's goods and services or a non-existent affiliation between CSC and CCI.

## FACTS COMMON TO ALL CLAIMS

8.      CSC incorporates all other allegations of this Complaint as if fully set forth herein.

9.      CSC first conducted business under the distinctive name and mark COLUMBUS SIGN COMPANY also known as COLUMBUS SIGN CO. (the "CSC Mark") in 1911 and has conducted business using the CSC Mark continuously and exclusively through the date of this Complaint.

10.     CSC is a reputable and well-known sign company that engages in the business of designing, creating, fabricating, and installing custom interior and exterior signage throughout the United States with a focus on central Ohio, including Franklin County.  Examples of CSC's award-winning work, which is identified and distinguished by the CSC Mark, are shown in the following images:

3

 

 

 

   11.  CSC markets and sells its signs and related services to businesses and consumers. Examples of CSC's customers include The Ohio State University, Columbus Crew, Cameron Mitchell Restaurants, and Steak Escape.

4

12.     CSC is the only business entity named "Columbus Sign Company" that is registered with the Ohio Secretary of State or licensed to conduct business in Ohio.

13.     CSC conducts business using a website that is accessed with the URL https://www.columbussign.com/.  CSC uses its CSC Mark on its website.

14.     The CSC Mark is a strong and highly distinctive trademark.

15.     CSC has expended substantial amounts of money, time, and effort in advertising, promoting, and popularizing its CSC Mark and the goods and service sold under this mark.

16.     CSC has experienced substantial sales of goods and services offered in connection with its CSC Mark in terms of volume and dollar value.

17.     CSC has received substantial third-party recognition for its goods and services offered in connection with its CSC Mark.

18.     Consumers in central Ohio have come to recognize the CSC Mark as indicative of CSC as the exclusive source of particular goods and services, and CSC has gained a valuable reputation and developed considerable brand recognition in the local market for signs and related services.  Thus, the CSC Mark and the goodwill associated with it have become valuable and irreplaceable assets for CSC.

19.     CCI too conducts business in the custom sign industry, competing against CSC, and does so using CSC's exclusive business name and the CSC Mark to advertise the design, creation, fabrication, and installation of interior and exterior signage.

20.     Like CSC, CCI markets and sells its signs and related services to businesses and consumers.

21.     CCI uses a website that can be accessed with the URL

https://www.columbussigncompany.com/.  The CSC Mark appears within this URL and on the

accompanying website.

22.     Examples of competitive signage that CCI advertises on its website using the CSC

Mark follow, and, along with other examples, can be viewed at

https://www.columbussigncompany.com/custom-signs/:







 

23.     On its registered website, www.columbusigncompany.com, CCI provides a phone number using the 614 area code, but the last four digits of the phone number change each time the website is accessed. The website further identifies its office location using zip code 43230, which corresponds to Gahanna, Ohio located in Franklin County. CCI's website does not provide a specific street address, showing CCI's intentional, bad faith use of the CSC Mark and that it is attempting to hide its true identity.

24.     When potential customers call the phone numbers that appear on the website www.columbusigncompany.com, a CCI employee, agent, or officer answers the phone. Such persons include Greg Davis, who is an Account Executive at CCI, and Kevin Oakes, who is the President of CCI.

25.     In at least some cases, when potential customers call the phone numbers that appear on the website www.columbusigncompany.com, they are told that they have reached CSC, when they have in fact reached CCI.

26.     In at least some cases, when potential customers call the phone numbers that appear on the website www.columbusigncompany.com, they are told to visit the website

citicomprint.com and to email order information to email addresses ending in "citicomprint.com."

27.    In at least some cases, when potential customers call the phone numbers that appear on the website www.columbusigncompany.com, CCI offers to sell signs and takes orders for signs.

28.    As a result of operating the website www.columbusigncompany.com, CCI has received orders and completed sales for signs.

29.    CCI provides the same goods and services as CSC in the same channels of trade, via the same marketing channels, to the same customers, with an overlapping geography.

30.    Given CCI's continued use of the CSC Mark to offer the same goods and services as CSC in the same geographic area, consumers will be confused as to whose goods and services they actually purchase, and as a result CSC will suffer irreparable injury and loss of goodwill unless Defendants are enjoined by this Court.

31.    CSC has not authorized or consented to CCI using the CSC Mark.

32.    CCI is not in any way affiliated or associated with CSC, and its good and services do not originate from CSC.

## COUNT ONE
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1125)

33.    CSC incorporates the other allegations of this Complaint as if fully set forth herein.

34.    CSC owns all senior rights, title, and interest in the CSC Mark.

35.    CCI's use in commerce of the CSC Mark for goods and services that are directly competitive with and identical to the goods and services offered by CSC, and without CSC's consent, is likely to confuse or deceive the public into believing, contrary to fact, that the

8

unauthorized activities of Defendants are licensed, franchised, sponsored, authorized, or otherwise approved by CSC.  Such unauthorized use of the CSC Mark infringes the exclusive rights held by CSC under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

36.     Upon information and belief, CCI is acting knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

37.     CCI's conduct has caused and will continue to cause CSC to suffer severe, immediate, and irreparable injury for which CSC has no adequate remedy at law unless CCI is enjoined pursuant to 15 U.S.C. § 1116.

38.     As a result of CCI's willful, deliberate, and malicious activities and conduct, CSC has been harmed and continues to be harmed, and this is an "exceptional case" within the meaning of 15 U.S.C. § 1117(a).  Accordingly, CSC is entitled to recover its damages and/or CCI's profits received resulting from its wrongful activities and conduct, treble damages, attorneys' fees, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

## COUNT TWO
## UNFAIR COMPETITION (15 U.S.C. § 1125)

39.     CSC incorporates the other allegations of this Complaint as if fully set forth herein.

40.     CSC owns all senior rights, title, and interest in the CSC Mark.

41.     CCI's use in commerce of the CSC Mark for goods and services that are directly competitive with and identical to the goods and services offered by CSC, and without CSC's consent, is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of CCI are licensed, franchised, sponsored, authorized, or otherwise approved by CSC.  Such unauthorized use of the CSC Mark infringes the exclusive rights held by CSC under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

9

42.     Upon information and belief, CCI is acting knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

43.     Defendant's infringement of the CSC Mark to offer goods and services that are competitive to CSC, enables CCI to benefit unfairly from CSC's reputation and success, thereby giving CCI's goods and services salability which they otherwise would not enjoy.

44.     CCI's conduct and acts as alleged above constitute unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

45.     CCI's conduct has caused and will continue to cause CSC to suffer severe, immediate, and irreparable injury for which CSC has no adequate remedy at law unless CCI is enjoined pursuant to 15 U.S.C. § 1116.

46.     As a result of CCI's willful, deliberate, and malicious activities and conduct, CSC has been harmed and continues to be harmed, and this is an "exceptional case" within the meaning of 15 U.S.C. § 1117(a).  Accordingly, CSC is entitled to recover its damages and/or CCI's profits received resulting from its wrongful activities and conduct, treble damages, attorneys' fees, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

**COUNT THREE**
**VIOLATION OF OHIO'S DECEPTIVE TRADE PRACTICE ACT**
**(R.C. § 4165.02)**

47.     CSC incorporates the other allegations of this Complaint as if fully set forth herein.

48.     The CSC Mark is within the definition of a "mark" under Ohio Revised Code 4165.02(c), which includes "a combination of a word, name, symbol, or device in any form or arrangement."

49.     CCI's use of "Columbus Sign Company" in the url

https://www.columbussigncompany.com/ results in CCI passing off its goods and services as

those of CSC, creates a likelihood of confusion or misunderstanding as to the source of CSC's

goods and services, and suggests a business affiliation, connection, or association between CSC

and CCI that does not exist, thereby constituting a deceptive trade practice under Ohio Revised

Code § 4165.02.

50.     CCI's use of and holding itself out as "Columbus Sign Company" on its website

accessible by the URL https://www.columbussigncompany.com/ results in CCI passing off its

goods and services as those of CSC, creates a likelihood of confusion or misunderstanding as to

the source of CSC's goods and services, and suggests a business affiliation, connection, or

association between CSC and CCI that does not exist, thereby constituting a deceptive trade

practice under Ohio Revised Code § 4165.02.

51.     CCI's actions offering for sale, selling, and/or facilitating the offer and sale of

goods and services using the CSC Mark that are directly competitive with and identical to the

goods and services offered by CSC, without CSC's consent, are likely to confuse or deceive the

public into believing, contrary to fact, that the unauthorized activities of CCI are licensed,

franchised, sponsored, authorized, or otherwise approved by CSC.  Such unauthorized use of the

CSC Mark violates the Ohio Deceptive Trade Practices Act, Ohio Revised Code § 4165.02.

52.     Upon information and belief, CCI's acts are being undertaken knowingly and

intentionally to cause confusion, to cause mistake, or to deceive.

53.     CCI's deceptive trade practices have caused, are likely to cause, and will continue

to cause CSC severe, immediate, irreparable harm for which there is no adequate remedy at law

unless Defendants are enjoined pursuant to Ohio Revised Code § 4165.03(A)(1).

54.     As a result of CCI's willful, deliberate, and malicious activities and conduct, CSC has been harmed and continues to be harmed.  Accordingly, CSC is entitled to recover its actual damages pursuant to Ohio Revised Code 4165.03(A)(2).

55.     CSC is entitled to reasonable attorneys' fees under Ohio Revised Code 4165.03(B).

## COUNT FOUR – ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

56.     CSC incorporates the other allegations of this Complaint as if fully set forth herein.

57.     CCI's registered domain name https://www.columbussigncompany.com/ is identical to and confusingly similar with the CSC Mark.

58.     CCI's registration and use of https://www.columbussigncompany.com/ constitutes a bad faith attempt to profit from the reputation and goodwill CSC has built up in the CSC Mark.

59.     Unless CCI is enjoined from further using https://www.columbussigncompany.com/, CSC will continue to suffer harm to its reputation and loss of goodwill.

60.     Because CCI acted knowingly and with intent to cause customer confusion, mistake, and deception, CSC is entitled to recover CCI's profits achieved through use of https://www.columbussigncompany.com/, as well as the damages, costs, and attorneys' fees that CSC has incurred as a result of that conduct, or if CSC elects, statutory damages in the maximum amount.

## COUNT FIVE – COMMON LAW TRADEMARK INFRINGEMENT

61.     CSC incorporates the other allegations of this Complaint as if fully set forth herein.

62.     CCI has appropriated for its own use the brand, trademark, reputation, and goodwill of CSC, specifically the CSC Mark.

63.     CCI's use of the CSC Mark constitutes trademark infringement under Ohio common law and is likely to cause confusion, mistake, and deceit as to affiliation, connection, or association of CCI with CSC as to the origin, sponsorship, or approval of CCI's goods and services by CSC.

64.     Upon information and belief, CCI's acts were and are being done knowingly, willfully, maliciously, and intentionally with full knowledge of CSC's senior rights and with the intent to cause confusion, or to cause mistake, or to deceive.

65.     Upon information and belief, CCI's conduct is intentional, willful, deliberate, and in bad faith, and undertaken with full knowledge of the CSC Mark, and CCI was not and is not authorized to use the CSC Mark in connection with its goods and services.

66.     CSC has been and will continue to be damaged as a result of CCI's infringement.

67.     CCI's conduct and acts alleged herein will continue to cause irreparable harm to CSC unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Columbus Sign Company respectfully prays for judgment against CCI as follows:

(A)     preliminary and permanent injunction restraining CCI and all those in active concert or participation with it from:

(i)     using the CSC Mark, including operating the website https://www.columbussigncompany.com/;

(ii)     performing any act, making any statement, or distributing any material that is likely to lead the public into believing that products or services advertised or sold by CCI are associated or connected with Columbus Sign Company, or are sold, licensed, sponsored, approved, or authorized by Columbus Sign Company;

(iii)     otherwise taking any action likely to cause public confusion, mistake, or deception as to the connection, affiliation, sponsorship, approval, or other association of CCI's good and services with Columbus Sign Company's;

(B)     an order requiring the transfer of the domain name https://www.columbussigncompany.com/ to Columbus Sign Company;

(C)     an order for an accounting and/or an award of CSC's damages and/or CCI's profits derived from CCI's infringement of the CSC Mark;

(D)     an order providing for the seizure of any goods that bear the CSC Mark;

(E)     an order assessing interest and costs against CCI;

(F)     an award of pre-judgment and post-judgment interest at the maximum rate;

(G)     an award of reasonable attorneys' fees to CSC;

(H)     a finding that CCI'S infringement is intentional and thus award treble damages to CSC;

14

(I)     award such other relief to CSC as the Court deems just, proper, or equitable.

**<u>JURY DEMAND</u>**

Plaintiff Columbus Sign Company requests a trial by jury on all issues in this action.

Respectfully submitted,

 _/s/ Jesse Jenike-Godshalk_
Thomas Wyatt Palmer          (0072816)
Thomas.Palmer@ThompsonHine.com
Thompson Hine LLP
41 S. High St., Suite 1700
Columbus, Ohio  43215
(614) 469-3200
(614) 469-3361 facsimile

Jesse Jenike-Godshalk          (0087964)
Jesse.Godshalk@ThompsonHine.com
Thompson Hine LLP
312 Walnut Street, Suite 2000
Cincinnati, Ohio  45202
(513) 352-6700
(513) 241-4771 facsimile